**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DANNY-R :MURRAY-BEY, | |
| Plaintiff, | Civil Action No. 25-17995 (RK) (TJB) |
| v. | **MEMORANDUM OPINION** |
| MIDDLESEX COUNTY PROSECUTOR'S OFFICE, et al., | |
| Defendants. | |

**THIS MATTER** comes before the Court upon New Jersey state criminal defendant Danny-R :Murray-Bey's ("Murray-Bey") application to proceed *in forma pauperis*, ("IFP," ECF No. 1-2), together with his Notice of Removal seeking to remove the criminal prosecution pending against him in the Superior Court of New Jersey, Middlesex Vicinage ("Superior Court") to federal court.[1] ("Notice," ECF No. 1.) For the reasons set forth below, Murray-Bey's application to proceed *in forma pauperis* is **DENIED**, and his criminal case is **SUMMARILY REMANDED** to state court under 28 U.S.C. § 1455(b)(4).

---

[1] The Court notes that Murray-Bey's Notice of Removal contains several civil claims. In the interest of liberally construing a *pro se* litigant's filings, because Murray-Bey styles his filing as a "Notice of Removal and Deprivation of Rights Under Color of Law," the Court construes it as a notice of removal of a criminal proceeding under 28 U.S.C. § 1455 (Notice); *see Pennsylvania v. Boldrini*, No. 23-1277, 2023 WL 6035676, at *1 (M.D. Pa. Aug. 2, 2023) ("[Plaintiff] has filed a *pro se* 'Notice of Removal to Federal Court,' which we liberally construe as a notice of removal of criminal prosecution pursuant to 28 U.S.C. § 1455. . . . We have reviewed the notice pursuant to 28 U.S.C. § 1455(b)(4)." (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013))), *report and recommendation adopted*, 2023 WL 6276693 (M.D. Pa. Sept. 26, 2023), *aff'd*, No. 23-2846, 2024 WL 1528944 (3d Cir. Feb. 7, 2024). Accordingly, the Court declines to consider Murray-Bey's civil claims, which are extraneous to his contentions regarding removal.

## I.      BACKGROUND

Murray-Bey alleges that at approximately 5:45 a.m. on February 21, 2025, Agent J. Barnes[2] and other agents from the Middlesex County Prosecutor's Office ("MCPO") "forcibly entered" his residence to execute a search warrant. (Notice at 1.) Murray-Bey contends that someone, "purporting to act as a judicial officer," issued the search warrant without probable cause or "sworn testimony or affidavit from an injured party." (*Id.*) Murray-Bey asserts that the search of his residence did not yield any evidence within the ambit of the search warrant. (*Id.*) Murray-Bey states that he was thereafter "seized without probable cause" and transported to the Old Bridge Police Station and later to the Middlesex County Jail. (*Id.*) Murray-Bey claims that Defendants charged him with a violation of N.J. Stat. Ann. 2C:24-4b(5)(b)(ii) (possession or viewing of at least 1,000 but less than 100,000 items depicting the sexual exploitation or abuse of a child) even though there was no "lawful proof" to substantiate the charge. (*Id.*) A criminal prosecution on this charge is currently pending against Murray-Bey in Superior Court under Case No. W-2025-000072-1209. (*Id.*)[3] In terms of his alleged citizenship, Murray-Bey asserts the following:

> Plaintiff is a Moorish American national, a private non-corporate citizen domiciled in New Jersey but not a citizen or subject of any artificial political subdivision or municipal corporation thereof.

(*Id.* at 2.)

Murray-Bey asserts that his state prosecution should be removed to federal court "for want of jurisdiction, deprivation of constitutional rights, and violations of federal law committed under color of state authority." (*Id.* at 1.) Specifically, Murray-Bey asserts that 28 U.S.C. §§ 1331 and

---

[2] Murray-Bey does not provide Agent Barnes' first name in the Notice of Removal.

[3] Murray-Bey has previously filed two civil complaints in this Court—based on a similar set of facts—both of which were dismissed by the Undersigned. *See Murray-Bey v. Jones*, No. 24-5738, 2024 WL 4111600 (D.N.J. Sept. 6, 2024); *Murray-Bey v. Barnes*, No. 25-2076, 2025 WL 2597423 (D.N.J. Sept. 5, 2025).

1332 provide the Court with original jurisdiction over his criminal proceeding. (*Id.* at 2.) Murray-Bey further contends that removal is warranted because Barnes and other MCPO agents violated 42 U.S.C. §§ 241 and 242 by unlawfully searching Murray-Bey's home and subjecting him to false imprisonment. (*Id.*) Murray-Bey also argues that the Superior Court lacks jurisdiction over his criminal prosecution, which is related to his alleged possession of child sexual abuse material, because "[n]o injured party exists" and the prosecution "is purely administrative and commercial in nature." (*Id.* at 3.) Therefore, Murray-Bey moves for removal of his criminal prosecution from state court under 28 U.S.C. §§ 1441–46 and for the Court to assume original jurisdiction over his criminal case. (*Id.* at 4.)

With his Notice of Removal, Murray-Bey also filed an application to proceed *in forma pauperis*. (IFP.) In the application, Murray-Bey indicated that he has had zero average monthly income for the last twelve months from employment or any other source and that his only assets are $2.03 in a checking account. (*Id.* at 1–2.) Murray-Bey also indicated that he has zero monthly expenses, including no expenditures toward rent or mortgage, utilities, food, clothing, or transportation. (*Id.* at 4–5.)

## II.    **LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1915(a), the District Court may authorize a litigant to proceed *in forma pauperis* and order a complaint to be filed without requiring the prepayment of filing fees. The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). However, to guard against potential "abuse" of "cost-free access to the federal courts," *id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)), section 1915(e)

empowers the District Court to dismiss an *in forma pauperis* complaint if it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e).

A District Court may permit a criminal defendant to remove a pending criminal prosecution in state court to federal court in limited circumstances, which are outlined in 28 U.S.C. §§ 1442, 1442(a), and 1443. Sections 1442 and 1442(a) concern federal officers or agencies and members of the armed forces, respectively, that face state criminal prosecutions. Section 1443 concerns the removal of civil rights cases and provides as follows:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

28 U.S.C. § 1455 outlines the procedure to remove criminal prosecutions from state court and mandates, *inter alia,* that a notice of removal be filed in federal court no later than 30 days after the state court arraignment or before the start of trial, whichever is earlier.[4] Under the statute, "[a] notice of removal of a criminal prosecution shall include all grounds for such removal" and "[a] failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds." 28 U.S.C. § 1455(b)(2). Furthermore, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

---

[4] Although the date of arraignment is not apparent from Murray-Bey's Notice of Removal, the Court is skeptical that the Notice is timely. Nonetheless, the Court summarily remands the case on other grounds discussed below.

## III.   DISCUSSION

### A.   *In Forma Pauperis* Application

The Court notes that there is no filing fee for filing a notice of removal under 28 U.S.C. § 1455. *See* Appendix K, "Schedule of Fees," United States District Court for the District of New Jersey, Office of the Clerk, https://www.njd.uscourts.gov/sites/njd/files/AppendixK.pdf; *Knight ex rel. Knight v. Nebraska*, No. 24-458, 2025 WL 1080012, at *2 (D. Neb. Apr. 10, 2025) ("A filing fee is not required for the removal of a state criminal prosecution to federal court." (cleaned up)). However, Murray-Bey's pleadings are so unclear—see *supra* n.1—that the Court is unable to discern with certainty the nature of the relief he seeks. In fact, Murray-Bey seems to file this case as a civil action rather than a criminal notice of removal. *See, e.g.*, Notice at 1 (cover page of pleadings containing the words "Civil Action No." and a blank space.) Accordingly, the Court reviews Murray-Bey's IFP application out of an abundance of caution.

In order to proceed *in forma pauperis,* Section 1915(a) requires litigants to submit "an affidavit stating all income and assets, the litigant's inability to pay the filing fee, the 'nature of the action,' and the 'belief that the [plaintiff] is entitled to redress.'" *Martinez v. Harrison*, No. 23-3513, 2023 WL 5237130, at *1 (D.N.J. Aug. 15, 2023) (alteration in original) (quoting 28 U.S.C. § 1915(a)). In the IFP application, the litigant "must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Gross v. Cormack*, No. 13-4152, 2013 WL 5435463, at *2 (D.N.J. Sept. 27, 2013) (quoting *Simon v. Mercer Cnty. Comm. Coll.*, No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb 9, 2011)), *aff'd on other grounds*, 586 F. App'x 899 (3d Cir. 2014) (per curiam).

Murray-Bey's sparse IFP application does not offer sufficient information to enable the Court to perform the screening that Section 1915(a) requires. *Hedgepeth v. Helen Fuld Hosp.*, No.

22-6029, 2023 WL 4108510, at *1 (D.N.J. June 21, 2023) ("Plaintiff's *in forma pauperis* application does not include sufficient information for the Court to properly evaluate it or to confirm whether Plaintiff is able to pay the court fees."). While Murray-Bey answered each prompt on the IFP application, his responses appear perfunctory and implausible. As noted above, Murray-Bey answered zero to almost every prompt and indicated that he has no monthly expenses related to food, housing, transportation, and other needs. (*See* IFP.) "A litigant seeking IFP status cannot claim indigency by merely marking zeros across the board in an IFP application." *Gray v. GT Auto Sales*, No. 25-5982, 2026 WL 63483, at *2 (D.N.J. Jan. 8, 2026). Murray-Bey's representations that he has no monthly expenses stretch the bounds of credulity. Because Murray-Bey did not make a good faith effort to fill out the IFP application, his application is **DENIED**.

### B. Review of Notice of Removal

The Court examines Murray-Bey's Notice of Removal under 28 U.S.C. § 1445(b)(4) to determine whether it is facially apparent from his pleadings "that removal should not be permitted." At the outset, the Court clarifies that Murray-Bey cannot proceed under 28 U.S.C. §§ 1331 and 1332—which he cites to argue the district court has original jurisdiction over his case—because both statutes apply only to civil actions. "[Sections] 1331 and 1332 pertain to subject matter jurisdiction for civil actions, not for criminal defendants who wish to remove their cases from state court." *Pennsylvania v. Haring*, Nos. 22-2412 & 22-2413, 2022 WL 17076037, at *1 (3d Cir. Nov. 18, 2022) (per curiam).

The Court must determine whether Murray-Bey's case is removable under 28 U.S.C. §§ 1442, 1442a, or 1443, all of which apply to criminal prosecutions.[5] At the outset, the Court

---

[5] Though Murray-Bey also cites 28 U.S.C. §§ 1441, 1444, 1445, and 1446, as bases for removal of his criminal case, none of these statutes apply. *See* 28 U.S.C. § 1441 (providing for removal of civil actions);

observes that "[f]ederal law allows removal of state criminal proceedings only in the rarest of circumstances." *Michigan v. Modena*, No. 09-39, 2009 WL 198967, at *1 (W.D. Mich. Jan. 26, 2009); *see also Jackson-Bey v. New Jersey*, No. 15-427, 2021 WL 858610, at *1 (D.N.J. Mar. 8, 2021) ("Criminal prosecutions may be removed from state courts to federal courts only under limited circumstances.").

It is plainly evident that Sections 1442 and 1442a are inapplicable to Murray-Bey's case.[6] As for Section 1443, "the removal permitted by" that Section "is narrow." *Pennsylvania v. Brown-Bey*, 637 F. App'x 686, 688 (3d Cir. 2016). Under Section 1443, "[a]n individual seeking removal of a state criminal case to federal court must allege [first,] a denial of [his or] her civil rights on account of race and [second,] that [he or] she cannot enforce [his or] her federal rights in state court." *Id.* (citing *Johnson v. Mississippi*, 421 U.S. 213, 219–20 (1975)); *see also Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997). Under the first prong, a state court defendant cannot merely raise vague purported equal protection or due process problems in the state court proceedings but "must allege a specific right under a law in terms of racial equality and a denial of that right in state court." *J&J Mobile Home Park Inc. v. Bell,* 266 F. App'x 195, 196 (3d Cir. 2008) (per curiam) (quoting *Pa. ex rel. Gittman v. Gittman*, 451 F.2d 155, 156 (3d Cir. 1971)); *see also Blue Foundry Bank v. Arsenis*, No. 24-2746, 2025 WL 1441127 at *2 (3d Cir. May 20, 2025) (per curiam) (explaining that "[t]he civil rights at issue must involve racial equality" (citing *Davis*, 107 F.3d at 1049)).

---

28 U.S.C. § 1444, (providing for removal of foreclosure actions against United States); 28 U.S.C. § 1445 (enumerating nonremovable actions); 28 U.S.C. § 1446 (providing procedure for removing civil actions).

[6] *See* 28 U.S.C. § 1442 (permitting certain federal officers and agencies acting under color of office to remove civil actions or criminal prosecutions); 28 U.S.C. § 1443 (permitting members of the armed forces acting under color of office to remove civil actions or criminal prosecutions). The Court cannot glean any information from Murray-Bey's pleadings to establish that he is either a federal officer or a member of the armed forces; as such, neither section applies to his case.

7

Here, Murray-Bey's Notice of Removal avers that he was not afforded due process in Superior Court but does not assert that his rights were violated based on his race. Rather, he asserts that the MCPO agents violated his rights by searching his home and subjecting him to false imprisonment. In fact, Murray-Bey's Notice of Removal contains no mention of race other than a stray assertion that he "is a Moorish American national." (Notice at 2.) This, however, seems to simply be a reference to Murray-Bey's self-designation as a purported "sovereign citizen," rather than any assertion of race. *See United States v. Wiggins*, No. 21-630, 2023 WL 8876074, at *3 & n.4 (D.N.J. Dec. 22, 2023) (discussing the relationship between the Moorish national and sovereign citizen movements). "That a removal petitioner will be denied due process of law . . . does not, standing alone, satisfy the requirements of § 1443 (1)." *Johnson,* 421 U.S. at 219. The constitutional and statutory provisions that Murray-Bey claims were violated are—with the exception 18 U.S.C. § 242—"of general applicability," in that they protect all persons in the United States. *Haring*, 2022 WL 17076037, at *1 (quoting *Johnson*, 421 U.S. at 219).[7] In short, Murray-Bey's general assertions of due process violations fail to meet the legal threshold that his rights were infringed on racial grounds. Accordingly, Murray-Bey cannot establish that his criminal prosecution is removable under § 1443(1).[8]

---

[7] In asserting that his rights were violated in Superior Court, Murray-Bey cites 18 U.S.C. §§ 241 and 242 and 42 U.S.C. §§ 1983 and 1985. However, a criminal case cannot be removed under Section 1983 because that statute is of general applicability. *See Georgia v. Rachel,* 384 U.S. 780, 792 (1966). Like "[S]ection 1983, [S]ection 1985(3) seeks to remedy the wrongful deprivation of rights, privileges, and immunities," *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 79 (3d Cir. 1989), and it makes no specific mention of racial discrimination. Further, while Section 241 does not "provide for specific civil rights stated in terms of racial equality," Section 242 does. *Florida. v. Cave*, No. 19-61830, 2019 WL 3302571, at *1 (S.D. Fla. July 23, 2019). Yet Section 242 is inapplicable here because, as discussed above, none of Murray-Bey's averments establish race-based violations of his rights. *See id.*

[8] In addition, Murray-Bey's attempted removal independently fails on the second prong because he has not established, as he must, that he cannot enforce his rights in state court. *Davis*, 107 F.3d at 1047. Indeed, "it is 'expected that the protection of federal constitutional or statutory rights c[an] be effected in . . . state proceedings.'" *Bayview Loan Servicing LLC v. Farzan*, 720 F. App'x 678, 679 (3d Cir. 2018) (alterations

Murray-Bey likewise cannot proceed under § 1443(2) because it "applies only to 'federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights.'" *Id.* (quoting *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966)). The scope of § 1443(2) clearly does not extend to Murray-Bey's criminal case because there is no allegation that Murray-Bey is such an officer or agent.

This case is clearly not one of the exceedingly rare instances where removal of criminal proceedings to federal court is appropriate. For the foregoing reasons, the Court, having reviewed Murray-Bey's Notice of Removal under 28 U.S.C. § 1455(b)(4), finds "on the face of the notice . . . that removal should not be permitted" and accordingly summarily remands his criminal prosecution to the Superior Court of New Jersey.

---

in original) (quoting *Johnson,* 421 U.S. at 219–20). Indeed, Murray-Bey does not explain why he cannot raise his due process claims—such as the allegedly illegal search of his residence—through motion practice in Superior Court.

9

## CONCLUSION

For the reasons set forth above, Murray-Bey's application to proceed *in forma pauperis* is **DENIED**, and his criminal case is **SUMMARILY REMANDED** to state court under 28 U.S.C. § 1455(b)(4). An appropriate Order accompanies this Memorandum Opinion.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: July 16, 2026

10